Wednesday November 15, 106

# HAGUE CONVENTION ON THE SERVICE ABROAD OF JUDICIAL AND EXTRA-JUDICIAL DOCUMENTS IN CIVIL AND COMMERCIAL MATTERS

**DISCLAIMER:** THE INFORMATION IN THIS CIRCULAR RELATING TO THE LEGAL REQUIREMENTS OF SPECIFIC FOREIGN COUNTRIES IS PROVIDED FOR GENERAL INFORMATION ONLY AND MAY NOT BE TOTALLY ACCURATE IN A PARTICULAR CASE. QUESTIONS INVOLVING INTERPRETATION OF SPECIFIC FOREIGN LAWS SHOULD BE ADDRESSED TO FOREIGN COUNSEL OR THE FOREIGN CENTRAL AUTHORITY FOR THE CONVENTION.

**IN FORCE** :...ANGUILLA [3], ANTIGUA AND BARBUDA, ARGENTINA [7], ARUBA [5], BAHAMAS, BARBADOS, BELARUS, BELGIUM, *BELIZE* [1], BERMUDA [3], BOTSWANA, BRITISH VIRGIN ISLANDS [3], BULGARIA [7,13], CANADA, CAYMAN ISLANDS [3], CHINA [2,7], CYPRUS, CZECH REPUBLIC [2,7], DENMARK, *DJIBOUTI (formerly Afars and Issas)* [1], EGYPT [7], ESTONIA, FALKLAND ISLANDS AND DEPENDENCIES [3], *FIJI* [1,3], FINLAND, FRANCE (including French Overseas Departments), FRENCH POLYNESIA [4], GERMANY [7,8,9], GIBRALTAR [3], GREECE [10], GUERNSEY [3], HONG KONG SAR [3], IRELAND, ISLE OF MAN [3], ISRAEL, ITALY, JAPAN, JERSEY [3], *KIRIBATI (formerly Gilbert Islands and Central and Southern Line Islands)* [1,3], KOREA, Republic of (SOUTH KOREA) [7,14], LATVIA, LITHUANIA [7], LUXEMBOURG [11], MACAU SAR [6], MALAWI, MEXICO, MONTSERRRAT [3], NETHERLANDS, *NEVIS* [1], NORWAY [7], PAKISTAN, PITCAIRN [3], POLAND, PORTUGAL, RUSSIAN FEDERATION, *ST. CHRISTOPHER (KITTS)* [1], ST. HELENA AND DEPENDENCIES [3], *ST. LUCIA* [1], *ST. VINCENT AND THE GRENADINES* [1], SEYCHELLES, SLOVAK REPUBLIC [2,7], *SLOVENIA*, *SOLOMON ISLANDS* [1], SPAIN, SRI LANKA [7], SWEDEN, SWITZERLAND [7], TURKEY [7], TURKS AND CAICOS ISLANDS [3], *TUVALU (formerly Ellice Islands)* [1], UKRAINE, UNITED KINGDOM, UNITED STATES [12], VENEZUELA [7].

[1] *This country achieved independence. No declaration has been made on the continuation in force of the Convention. We have requested the assistance of the Hague Conference on Private International Law in ascertaining from these countries whether they are applying the Convention.*

[2] *In accordance with Article 34(1) of the Vienna Convention on Succession of States in Respect of Treaties, the U.S. view is that when a country which is a party to a multilateral treaty or convention has dissolved, the successor state(s) inherit the treaty obligations of the former government, consistent with Article 34 of the Vienna Convention on Succession of States in Respect of Treaties. However, as a practical matter, the custom is for depositaries to expect a notice of succession to confirm that the new entity is performing its treaty obligations. Many newly independent states may not really be implementing such conventions at this time in that they may be performing the functions set forth in the Convention. We continue to work with these governments and the depositories to obtain confirmation that the respective successor state is complying with treaty obligations.*

Exhibit 1

[3] *The Convention was extended to this territory, possession or other jurisdiction by the United Kingdom.*

[4] *The Convention was extended to this territory, possession or other jurisdiction by France.*

[5] *The Convention was extended to this territory, possession or other jurisdiction by the Netherlands.*

[6] *The Convention was extended to this territory, possession or other jurisdiction by Portugal.*

[7] *Argentina, China, the Czech Republic, Egypt, Germany, Greece, Latvia, Lithuania, Luxembourg, Norway, Poland, the Republic of South Korea, the Slovak Republic, Sri Lanka, Switzerland, Turkey, Ukraine, and Venezuela have notified the Hague Conference on Private International Law on accession, ratification or subsequently that they object to service in accordance with Article 10, sub-paragraph a of the Convention, via postal channels.*

[8] *The Hague Service Convention provision for service by a Central Authority is the exclusive method for service of process in the Federal Republic of Germany.*

[9] *On November 19, 1992, the Federal Republic of Germany advised the depositary for the Convention that notwithstanding the provisions of the first paragraph of Article 15, a German judge may give judgment even if no certificate of service or delivery has been received, if all the following conditions are fulfilled: the document was transmitted by one of the methods provided for in the Convention; a period of time of not less than six months, considered adequate by the judge in the particular case, has elapsed since the date of the transmission of the document; no certificate of any kind has been received, even though every reasonable effort has been made to obtain it through the competent authorities of the State addressed. In addition, Germany advised that an application for relief in accordance with Article 16 will not be entertained if it is filed after the expiration of one year following the termination of the time-limit which has not been observed.*

[10] *On November 23, 1989, Greece informed the depositary government for the Convention that the judges of Greece may give judgment if all the conditions in Article 15, paragraph 2(a),(b) and (c) of the Convention are fulfilled even if no certificate of service or delivery has been received.*

[11] *Luxembourg communicated the withdrawal of its declaration opposing service through postal channels in accordance with Article 10(a) of the Convention in a Note to the Government of the Netherlands dated June 2, 1978.*

[12] *As of June 28, 1978, the United States will not charge a fee for service of judicial documents which it receives from any State Party to the Convention which does not impose a charge for service of documents sent from the United States for service under the Convention. On March 31, 1994, the Government of the United States declared that the Convention shall also be extended to the Commonwealth of the Northern Mariana Islands.*

[13] *In accordance with Article 28, second paragraph, the Convention will enter into force for the Republic of Bulgaria in the absence of any objection from a State which has ratified the Convention before the deposit of the accession, notified to the Ministry of Foreign Affairs of the Netherlands within a period of six months after the date on which the Ministry has notified it of the accession. For practical reasons, this six months" period will run from January 31, 2000 to July 31, 2000. The*

*Republic of Bulgaria objects to the use of channels of transmission for service mentioned in Article 10 of the Convention. The Republic of Bulgaria requires the document, which is to be served, to be written in or accompanied by a translation into the Bulgarian language. The Republic of Bulgaria designates the district courts as authorities which are competent to complete the certificate (Article 6, paragraphs 1 and 2).*

[14] *Ratified Convention January 13, 2000; in accordance with Article 28, second paragraph, the Convention will enter into force for the Republic of Korea in the absence of any objections from a State which has ratified the Convention before the deposit of the accession, notified to the Ministry of Foreign Affairs of the Netherlands within a period of six months after the date on which the Ministry has notified it of the accession. For practical reasons, this six month"s period will run from January 31, 2000 to July 31, 2000. Pursuant to Article 10, the Republic of Korea objects to the following: **a)** the freedom to send judicial documents, by postal channels, directly to persons abroad, **b)** the freedom of judicial officers, officials or other competent persons of the State of origin to effect service of judicial documents directly through the judicial officials or other competent persons of the State of destination, **c)** the freedom of any person interested in a judicial proceeding to effect service of judicial documents directly through judicial officers, officials or other competent persons of the State of destination.*

## CITATIONS

**20 U.S.T. 1361**

**658 U.N.T.S. 163**

**T.I.A.S. No. 6638**

**28 U.S.C.A. (Appendix following Rule 4 FRCvP)**

**16 I.L.M. 1339 (1977)**

**Martindale-Hubbell Law Directory, Law Digest Volume, Selected International Conventions**

## U.S. CENTRAL AUTHORITY

Office of International Judicial Assistance
Civil Division
Department of Justice
1100 L Street, NW
Room 11006
Washington, D.C. 20530
(202) 307-0983

## PURPOSE

The Hague Service Convention codifies service of process by international registered mail and by agent. The treaty also provides for service of process by a Central Authority (usually the Ministry of Justice) in the Convention countries pursuant to a request submitted on a form USM-94, available at the office of any United States Marshal. The text of the treaty is self-explanatory, but see the reservations and declarations each country made on accession to the treaty. Some countries made specific reservations against particular methods of service. The Convention method should be employed in all countries party to it.