**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| JOSEPH J. RIMKUS | ) |
| Plaintiff | ) |
| v. | ) Case No. 1:06CV01116 (RCL) |
| ISLAMIC REPUBLIC OF IRAN, et al. | ) |
| Defendants. | ) |

## PLAINTIFF'S MOTION FOR ENTRY OF JUDGMENT BY DEFAULT AND MEMORANDUM IN SUPPORT

Pursuant to Fed. R. Civ. P. 55 and 28 U.S.C. § 1608(d), Plaintiff Joseph J. Rimkus, by counsel, hereby moves this Court for entry of judgment by default against Defendants the Islamic Republic of Iran ("Iran"), the Iranian Ministry of Information and Security (the "MOIS"), and the Iranian Revolutionary Guard Corps, a/k/a the Pasdaran (the "Pasdaran").

Plaintiff's Motion should be granted, because:

1. On July 30, 2007, Defendants were served with the Complaint (and all other required documents), pursuant to 28 U.S.C. § 1608(a)(4);

2. Pursuant to 28 U.S.C § 1608(d), Defendants were required to file an Answer or other responsive pleading within sixty days of service of the Complaint;

3. Defendants did not file an Answer or otherwise respond to the Complaint through the date of this pleading (October 5, 2007). More than sixty days have elapsed since Defendants were served.

Plaintiff therefore asks the Court to enter judgment by default against Defendants on Plaintiff's Count I – Intentional Infliction of Emotional Distress. Plaintiff further asks the Court to set a hearing on the issue of the amount of Plaintiff's damages. A Proposed Order is attached.

## FACTS

### I. The Khobar Towers Bombing

This action arises out of the June 25, 1996 terrorist bombing of the Khobar Towers complex in Dhahran, Saudi Arabia. Nineteen American servicemen were killed in the attack, including Airman First-Class Joseph E. Rimkus ("Airman Rimkus"). Plaintiff, Joseph J. Rimkus, is the father of Airman Rimkus. Plaintiff alleges a claim for intentional infliction of emotional distress. He seeks recovery for his damages, including: extreme emotional distress; mental anguish; grief; and emotional and physical pain and suffering.

Terrorist members of Hizbollah, funded by Defendant Iran, planned and committed the bombing. The MOIS and the Pasdaran funded, trained, and otherwise assisted Hizbollah in executing the bombing.

### II. Defendants' Liability

This Court has previously recognized Defendants' liability for the Khobar Towers bombing. *See e.g. Heiser, et al. v. Islamic Republic of Iran*, 466 F.Supp.2d 229 (D.D.C. 2006); *Campbell, et al. v. Islamic Republic of Iran*, 466 F.Supp.2d 229 (D.D.C. 2006); *Blais v. Islamic Republic of Iran*, 459 F.Supp.2d 40 (D.D.C. 2006).

### III. Defendants' Failure to Answer

On September 28, 2007, the United States Department of State confirmed transmittal to Defendants of the relevant summonses, complaints, and notices of suit. *See* Exhibit 1 at 1. Such transmittal occurred on July 30, 2007. *See Id.* As of the date of this pleading, more than sixty days after the date of service, Defendants have failed to file an Answer or otherwise respond.

**ARGUMENT**

I. **Defendants Were Properly Served Pursuant To 28 U.S.C.§ 1608(a).**

Pursuant to 28 U.S.C. § 1608(a)(4), Defendants were properly served with the Complaint and all other required papers on July 30, 2007.

The Foreign Sovereign Immunities Act ("FSIA") provides for service against a foreign state and its political subdivisions by sending copies of the relevant summonses, complaint, and notice of suit, along with a translation of each in the official language of the foreign state, to the United States Secretary of State, to the attention of the Director of Special Consular Services. *See* 28 U.S.C. § 1608(a)(4). The Secretary is then charged with service of the papers through diplomatic channels. *See Id*. Once this service is accomplished, the Secretary sends to the Clerk of the Court "a certified copy of the diplomatic note indicating when the papers were transmitted." *Id*. Service is deemed effective under Section 1608(a)(4) as of the date of transmittal indicated in the certified copy of the diplomatic note. *See* 28 U.S.C § 1608(c)(1).

In this matter, confirmation of service was filed with the Clerk of the Court on October 3, 2007, by William P. Fritzlen, Attorney Advisor for the U.S. Department of State's Office of Policy Review and Interagency Liaison. *See* Exhibit 1. The confirmation letter indicates that copies of the Summonses, Complaint, and Notice of Suit in this action were served on Defendants on July 30, 2007.

II. **Judgment By Default Is Appropriate Because Defendants Failed To Answer Or Otherwise Respond Within Sixty Days.**

Pursuant to 28 U.S.C § 1608(d), foreign states, political subdivisions thereof, and agencies or instrumentalities thereof are required to "serve an answer or other responsive pleading to the complaint within sixty days after service has been made." *Id*.

"When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, ... the clerk shall enter the party's default." Fed. R. Civ. P. 55(a).

As set forth above, Defendants were served on July 30, 2007. Therefore, the sixty-day period for Defendants' responses expired on September 28, 2007, and no Defendant has filed an Answer or other responsive pleading.

Accordingly, entry of default is proper against Defendants.

### III.     A Hearing on Damages Is Appropriate Pursuant to Fed. R. Civ. P. 55(b)

"When the plaintiff's claim against a defendant is [not] for a sum certain, ... the party entitled to a judgment by default shall apply to the court therefor." Fed. R. Civ. P. 55(b). "If, in order to enable the court to enter judgment or to carry it into effect, it is necessary to ... determine the amount of damages, ... the court may conduct such hearings or order such references as it deems necessary and proper." *Id*.

Plaintiff alleges a claim for intentional infliction of emotional distress, and seeks recovery for his mental anguish, grief, and pain and suffering. Such damages are not amenable to determination without a hearing on the extent and duration of Plaintiff's emotional distress.

Plaintiff therefore requests a hearing on damages, wherein Plaintiff may introduce testimonial and documentary evidence, as well as expert testimony, to support his claim for damages.

## **CONCLUSION**

For the reasons stated above, Plaintiff respectfully asks the Court to enter judgment by default against Defendants the Islamic Republic of Iran, The Iranian Ministry of Information and Security, and the Iranian Islamic Revolutionary Guard Corps a/k/a the Pasdaran.  A Proposed Order is attached.

Respectfully submitted,


_____*Peter C. Grenier /s/*_____
Peter C. Grenier (D.C. Bar No. 418570)
Bode & Grenier, LLP
1150 Connecticut Avenue, N.W.
Ninth Floor
Washington, DC 20036
Telephone: (202) 828-4100
Facsimile:   (202) 828-4130
Counsel for plaintiff

Dated: October 5, 2007