UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| JOSEPH J. RIMKUS | ) | |
| Plaintiff | ) ) ) | |
| v. | ) ) | Case No. 1:06CV01116 (RCL) |
| ISLAMIC REPUBLIC OF IRAN, et al. | ) ) ) | |
| Defendants. | ) ) | |

**PLAINTIFF'S (1) MOTION TO SUPPLEMENT THE RECORD
AND (2) REQUEST FOR EXPEDITED REVIEW**

COMES NOW Plaintiff Joseph J. Rimkus, by counsel, pursuant to Federal Rule of Civil Procedure 55(b)(2) and this Court's inherent authority, and respectfully moves this Court for an Order permitting Plaintiff to supplement the record in this action with the Affidavit of Mohsen Sazegara, which is attached hereto as Trial Exhibit 64.  Plaintiff also requests an expedited ruling in light of the imminent February 18, 2008, deadline for Plaintiff's submission of his Proposed Findings of Fact and Conclusions of Law.

In support of this Motion, Plaintiff states as follows:

1. This action arises out of the June 25, 1996 terrorist bombing of the Khobar Towers complex in Dhahran, Saudi Arabia.  Nineteen American servicemen were killed in the attack, including Airman First-Class Joseph E. Rimkus ("Airman Rimkus").

2. Plaintiff, Joseph J. Rimkus, is the father of Airman Rimkus.

3. Plaintiff seeks, *inter alia*, an award of punitive damages against Defendant Iranian Revolutionary Guard Corps ("IRGC").

4. In order to prevail on his claim for punitive damages against the IRGC, Plaintiff

bears the burden of proving, through affirmative evidence, that the IRGC's core function is commercial and not governmental.  *See Heiser v. Islamic Republic of Iran*, 466 F. Supp. 2d 229, 270 (D.D.C. 2006).

5. On October 5, 2007, Plaintiff filed a motion for entry of default judgment against Defendants pursuant to Federal Rule of Civil Procedure 55.

6. A default was entered against all Defendants in this action on December 4, 2007; however, no final judgment has been entered against any Defendant.

7. Pursuant to Rule 55(b)(2), the Court conducted an evidentiary hearing on January 4, 2008 (the "Hearing").

8. At the Hearing, Plaintiff presented the Court with testimonial evidence, affidavits, and other documentary evidence in support of his motion for default judgment and his punitive damages claim against the IRGC.

9. Plaintiff now seeks leave to supplement the evidentiary record in this case with the Affidavit of Mohsen Sazegara, which is attached hereto as Trial Exhibit 64.

10. It was not until recently that Plaintiff was able actually to locate Mr. Sazegara.

11. "Courts have the discretion to allow parties to supplement the record of a case." *Marsh v. Johnson*, 263 F. Supp. 2d 49, 53 (D.D.C. 2003) (granting defendant's motion to supplement the record with additional declarations).

12. Additionally, Rule 55(b)(2) authorizes the Court to make whatever inquiries it deems necessary and proper to "establish the truth of any allegation by evidence."  Fed. R. Civ.

P. 55(b)(2) (2008).[1]

13. In deciding whether to grant a default judgment, the Court may consider evidence in the form of sworn affidavits. *Bodoff v. Islamic Republic of Iran*, 424 F. Supp. 2d 74, 82 (2006).

14. Indeed, Rule 55(b)(2) does not require that the Court conduct an evidentiary hearing, and it is within the Court's discretion to decide a motion for default judgment solely on affidavits and other written documentary evidence. *See Maloney v. Disciples Ltd.*, 2007 U.S. Dist. LEXIS 36726 at *3, 1:06CV00124 (M.D.N.C. May 8, 2007) ("[I]n applying Rule 55(b)(2), [c]ourts have broad discretion to determine whether a hearing is 'necessary and proper,' and where the court possesses an adequate basis on which to enter a damage award, it need not conduct a hearing.") (citation and internal quotation marks omitted); *see also Estate of Botvin v. Islamic Republic of Iran*, 510 F. Supp. 2d 101, 103 (D.D.C. 2007) (permitting plaintiffs to submit written evidence in support of their motion for default judgment, but not requiring an evidentiary hearing).

15. Accordingly, Plaintiff requests that the Court exercise its discretion to admit the Affidavit of Mohsen Sazegara into the evidentiary record in this case.

16. Mr. Sazegara served as a press aide to Ayatollah Ruhollah Khomeini during the Iranian Revolution, and was one of the founders of the IRGC. *See attached* at ¶ 4.

17. Between 1979 and 1989, Mr. Sazegara held numerous positions in the Iranian government, including political deputy in the prime minister's office, deputy minister of heavy

---

[1] Prior to the December 1, 2007 amendment, Rule 55(b)(2) stated that "the court may conduct such hearings or order such references as it deems necessary and proper." Although the amended Rule omits the "necessary and proper" language, the commentary to the 2007 Amendments makes clear that the changes to the Rule were "intended to be stylistic only."

industries, chairman of the Industrial Development and Renovation Organization of Iran, and vice minister of planning and budget. *Id*. at ¶ 6.

18. Mr. Sazegara also worked for many years in the Iranian news media, serving as publisher of several Iranian newspapers, including *Jamee*, *Toos*, *Aynee Weekly*, and *Golestan-e-Iran*, as well as managing director of Iran's press cooperative company, whose membership includes more than 450 Iranian journal and newspaper publishers. *Id*. at ¶ 7.

19. Based on his first-hand experience and knowledge, Mr. Sazegara is able to provide this Court with extremely credible testimony about the history, function, and commercial activities of the IRGC. This evidence is highly probative on the issue of whether the IRGC is primarily a commercial or governmental entity. Moreover, this type of witness testimony is extremely rare given the closed nature of the Iranian government and the inability of Plaintiff to obtain civil discovery from Defendants. Based on these facts and circumstance, the evidentiary value of Mr. Sazegara's affidavit cannot be overstated.

20. Furthermore, no prejudice will result against Defendants, who are in default and who have not made any effort whatsoever to defend this action. *See Marsh*, 263 F. Supp. 2d at 54 n.6 (granting defendants leave to supplement the record where "plaintiff [wa]s not prejudiced by the court's decision").

## **CONCLUSION**

For the reasons stated above, Plaintiff respectfully asks the Court to enter the Affidavit of Mohsen Sazegara into the evidentiary record in this matter as Plaintiff's Exhibit 64. A proposed Order is attached.

-5-

## LCvR 7(m) STATEMENT

Plaintiff's counsel is unable to confer with Defendants in this action, as they are not represented by counsel and are in default.

                                      Respectfully submitted,

                                      *Peter C. Grenier /s/*
                                      Peter C. Grenier (D.C. Bar No. 418570)
                                      Bode & Grenier, LLP
                                      1150 Connecticut Avenue, N.W.
                                      Ninth Floor
                                      Washington, DC 20036
                                      Telephone: (202) 828-4100
                                      Facsimile: (202) 828-4130

                                      *Counsel for Plaintiff*

Dated: February 7, 2008